IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

COREY COMMODORE,
Inmate #10375-032,

    Petitioner,

vs.

WENDY J ROAL,

    Respondent.                                Case No. 11-cv-818-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

    Petitioner, Corey Commodore,[1] currently incarcerated in the Federal Correctional Institution at Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of his sentence. He asserts that he should receive credit against his federal sentence for time served in state and federal custody prior to the date he was transferred to Marion. This case is now before the Court for preliminary review pursuant to Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

    In June 2005, Petitioner was sentenced in Kentucky to a fifteen month term of imprisonment (subject to deferment) for violating the terms of his state parole (Doc. 1, p. 4). He was later transferred to federal custody on August 29, 2005 (Doc. 1, p. 5), and, on October 31, 2005, entered into a guilty plea agreement on

---

[1] It appears from the petition that the correct spelling of petitioner's surname is "Commodore," not "Commadore." The Clerk is directed to correct the docket sheet accordingly.

federal charges of unlawful possession and transportation of firearms, and transporting a defaced firearm (Doc. 18 in *United States v. Commodore*, No. 05-cr-00103-JMH-1 (E.D. Ky., filed July 7, 2005)). On February 3, 2006, the Federal District Court of the Eastern District of Kentucky sentenced petitioner to fifty-seven months, to be served consecutive to his state sentence (Doc. 1, p. 5; *see also* Doc. 23 in criminal case). Petitioner remained in federal custody, and was transferred to federal facilities in Oklahoma and Terre Haute, Indiana. Then, on March 24, 2006, he was transferred to the county jail in Lexington, Kentucky.

In April 2006, petitioner was given an additional thirty-six months on his state sentence for the parole violation (Doc. 1, p. 6). Again, in May 2009, Petitioner's state sentence was extended by twenty-four months (Doc. 1, p. 6). On May 27, 2010, petitioner filed a § 2241 action in the Federal District Court of the Eastern District of Kentucky challenging the calculation of his state sentence. *Commodore v. Northpoint Training Ctr.*, No. 10-cv-00178-KKC (E.D. Ky., filed May 27, 2010). In her Opinion and Order dismissing that case,[2] Judge Caldwell stated: "it appears that Commodore has served and completed his federal . . . sentence imposed in the Criminal Proceeding, and is now serving only his prior state sentence" (Doc. 1, p. 17).

On June 29, 2011, petitioner was released from Kentucky custody, his state sentence satisfied (Doc. 1, p. 6). However, he was immediately taken into Federal custody, where he is currently serving his fifty-seven month sentence imposed on

---

[2] This earlier § 2241 petition was dismissed upon preliminary review because Petitioner had not exhausted his state administrative remedies as required by Kentucky statute (Doc. 1, pp. 19-20).

February 3, 2006 (Doc. 1, p. 22). Petitioner filed the instant application for habeas relief on September 8, 2011.

Petitioner argues that he should be given credit against the fifty-seven month sentence for the time he was incarcerated between August 29, 2005, and June 29, 2011, part of which was spent in state custody. Petitioner bases his argument in part on the opinion quoted above in his previous § 2241 petition. Additionally, he cites to authority indicating that his federal sentence commenced when he was received in a federal facility on March 8, 2006. He further argues that, once commenced, the running of the federal sentence cannot be interrupted by the government so as to require the petitioner to serve the sentence in installments.

However, petitioner also discloses that he has not taken advantage of the administrative remedies available to him to challenge his sentence, because, as he asserts, he does not have time to wait for those avenues to be exhausted. It is well settled that federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court. *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986); *Anderson v. Miller*, 772 F.2d 375, 376-77 (7th Cir. 1985), *cert. denied* 475 U.S. 1021 (1986); *Jackson v. Carlson*, 707 F.2d 943, 949 (7th Cir. 1983), *cert. denied sub nom. Yeager v. Wilkinson*, 464 U.S. 861 (1983). This is particularly true where the development of a factual record by the administrative agency would be useful for judicial review and where there would be a "significant saving of judicial resources." *Smith v. Fenton*, 424 F.

Supp. 792, 796 (E.D. Ill. 1976). "The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene," *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989), and petitioner must first exhaust his administrative appeals, pursuant to 28 C.F.R. § 542 Subpart B, before he may proceed in federal court. Thus, petitioner may not pursue his claims in court until after he has exhausted his appeals to the regional and national offices of the Bureau of Prisons ("BOP").

Since this action was commenced on September 8, 2011, petitioner has not filed any further documentation with the Court to indicate whether he has pursued his administrative remedies, or if so, whether he has received any response. Although this action is subject to dismissal as outlined above, petitioner shall be given an opportunity to inform the Court regarding the status of any administrative action within the BOP in which he has challenged his sentence. In the event that petitioner has not yet exhausted his administrative remedies, this action shall be dismissed without prejudice.

**IT IS HEREBY ORDERED** that petitioner shall, within 14 days (on or before **July 26, 2012**), file with this Court copies of any administrative requests he has made to BOP officials, in which he has raised the sentence credit issue presented in the instant 2241 petition, along with any responses he has received. Failure to comply with this order shall result in the dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(b).

The Clerk is **DIRECTED** to correct the spelling of petitioner's name to

"Commodore."

Nothing in this order shall be construed as an opinion on the merits of petitioner's claims for relief.

**IT IS SO ORDERED.**

Signed this 12th day of July, 2012.

Digitally signed by David R. Herndon
Date: 2012.07.12 09:32:54 -05'00'

**Chief Judge
United States District Judge**